STATE, OLIVER DUNSTER, PROSECUTOR, v. CALVIN D. SMITH, COLLECTOR OF BERNARDS TOWNSHIP, SOMERSET COUNTY.

1. The power of a township committee to assign limits and divisions of the highways under section 37 of the Road act, could not be exercised in any township, where the overseer was elected by the inhabitants of the road district, after such an election, during that year.
2. It is proper for a township committee to refuse to recognize a claim for work done by a road overseer in the absence of, or in excess of, an appropriation to his district.

On *certiorari* bringing up an assessment for taxes against the prosecutor and the proceedings thereon.

Argued at November Term, 1885, before Justices SCUDDER and REED.

For the prosecutor, *John A. Frech.*

For the defendant, *Alvah A. Clark.*

The opinion of the court was delivered by

REED, J.   The question argued in the briefs of counsel is whether the prosecutor, who is the overseer of a road district in the township of Bernards, in the county of Somerset, was entitled to an allowance of $31.50 from his tax bill for the year 1883, on account of his having worked out that amount upon the roads in his district.   He was assessed, for the year 1882, the sum of $224.64, of which $38.56 was for roads.

Dunster v. Smith.

He claims that he had done, as overseer of District No. 3, in the said township, work amounting to $31.50, and that he was entitled to an allowance of that amount from his tax bill, which allowance was refused by the township committee.

The committee refused to recognize an expenditure in excess of $18. He paid the remainder of the tax, and now claims that this court should exert some judicial action to remedy an alleged error in not allowing the additional $13.50 of his claim. He grounds his claim to the entire amount upon the fact that he was elected an overseer of Road District No. 3, at a meeting of the voters of that district held in the spring of 1883. By the provisions of an act of 1861 (*Pamph. L., p.* 156), it was provided that the overseers of the highways in certain townships, including Bernards, should be elected by the legal voters of the several districts as they may be arranged from time to time by the township committee. The act provided for the posting of notices, and for the time at which said meeting should be held, namely, the Saturday next previous to the annual town meetings in said townships.

By an act (*Pamph. L.* 1879, *p.* 178), the time for holding such election was changed to Friday next preceding the second Tuesday of April.

By an act (*Pamph. L.* 1880, *p.* 56), the time was changed to Thursday next succeeding the regular annual meeting, which by the Township act (*Rev., p.* 1202, § 50), is held on the second Tuesday in March.

It provides that the existing overseer shall set up two notices, in two public places in the road district, five days before the day of the meeting, and in case of a failure to give such notice, then the township committee is to appoint the overseer. There is some evidence that the prosecutor was elected, in 1882, an overseer of District No. 3. He took upon himself the unquestioned execution of the office, and I shall regard his incumbency of that office as a recognized fact in this case.

The township committee, on March 28th, 1883, changed the limits of District No. 3, by cutting the territory over which it ran into two districts, or speaking more accurately,

by carving another district out of the old territory, which new district they numbered fifty-six. At the same meeting the committee apportioned to the new District No. 3, the sum of $46, and to the new District No. 56, the sum of $41. The prosecutor, however, proceeded as if no change had been made. He says that he worked the roads within the whole of the old territory and did himself, and hired work done to the amount of $80, and should have been credited with that amount.

His contention is that after he was elected there was no power in the township committee to make any alteration in his district, and also that he had no notice of such change. The township committee has the power to assign the limits and divisions of the highways within the townships. *Rev., p.* 1002, § 37.

Unless the acts which provide for the election of overseers in the township of Bernards, by implication repealed the provisions for the assignment of districts, the latter power existed at the time it was exercised. I say unless the section 37, in this respect was repealed by implication, for there are no express words of repealer in the subsequent acts. Such implied repeal must be gathered from the impolicy of changing the limits of a district in which an overseer has been elected by the inhabitants of the district.

This question has no importance beyond the solution of the rights of the parties in the present case, for the matter has since then been regulated by the act of 1885 (*Pamph. L., p.* 12), which provides for the making of the assignment in January or February of any year, to take effect on or before the 1st of the following March.

I am of the opinion that the power to alter the limits of a district was not abrogated by the fact that the office of overseer was filled by the votes of the inhabitants of a district, instead of the votes of the inhabitants of the township. But I think that the power of the committee to make such alteration was at an end whenever under the former law it had made an assignment of an overseer to a particular district, or

under the new system a person had been elected for any district. It could never have been the intention of the legislature to provide that the people of the district should select their officer, and yet leave in the hands of the township committee the power to nullify the selection by stripping such officer of half his territory, or by adding to it other territory peopled by voters who had had no voice in his selection. The result in either instance would be that the overseer would work a district of which he had been elected overseer by voters other than the legal voters of the district.

I conclude, therefore, that the attempt to divide his district was nugatory.

But there is another difficulty which confronts the prosecutor. No apportionment in excess of $46 was made to his district; nor do I think he stands in a position to claim both appropriations. He knew of the action of the committee in regard to the change of the district. The evidence taken in the cause satisfies me that he received the notice of the attempted change.

Under the circumstances the appropriation in two sums to two districts supposedly existing was quite different from an appropriation of a single sum. The right of an overseer to rely upon an appropriation by a committee rests upon a clearly proved act of the committee setting apart the amount for the specific purpose. The overseer cannot rely upon the fact that there have been previous appropriations of a certain amount, and upon the probability that such amount will not be changed. He is bound to know the exact sum appropriated to his district for the then present year. If he chooses to expend money in ignorance of whether there is any appropriation, or if so, to what amount, he does so at his own risk. *Callahan* v. *Morris*, 1 *Vroom* 160, 167. This the prosecutor did. He made no inquiry about the appropriation. He knew there had been a change in the district announced by the committee, and he concluded to ignore the committee's action and rely upon the fact that about $80 was usually appropriated to that district.

The action of the committee in refusing to recognize his claim for an amount in excess of his part of the appropriation, was correct and is affirmed, with costs.